UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14016-CR-MOORE/MAYNARD

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**BOBBY LEE MATHIS, III,**

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing on May 22, 2020, I recommend to the District Court as follows:

    1.    I convened a hearing via video teleconference on the Zoom platform to permit the Defendant to change his plea in this criminal case. At the hearing's outset, I advised the Defendant of his right to appear in person for the proceeding. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through video teleconference. Defendant acknowledged his signature on a written Consent to Appear by Video Teleconference Form that will be filed in the record in this case. Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through video teleconference is knowing and voluntary. I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that the plea cannot be further delayed without serious harm to the interests of justice.

2. Next, I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing.  I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which has been entered into by the parties in this case.  This Court reviewed that Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement.  This Court reviewed with the Defendant the possible maximum sentence as set forth in the Plea Agreement.  The Defendant acknowledged that he understood the charge against him and the possible maximum penalties that could be imposed in this case.

5. The Defendant pleaded guilty to Count One of the Indictment, which charges him with possession of a firearm and ammunition by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1).

6. The Government verbally proffered a factual basis for the plea into the record. After listening to the Government's proffer, the Defendant acknowledged that he completely

understands the factual proffer and agrees that it accurately set forth the facts in his case as he understands them to be. I find that the Government's proffer sets forth all of the essential elements of the crime to which the Defendant is pleading guilty as well as any sentencing enhancements and/or aggravating factors that may be applicable.

7. Based on the foregoing and the plea colloquy I conducted, I recommend to the District Court that the Defendant be found to have freely and voluntarily entered his guilty plea to Count One of the Indictment, and that the Defendant be adjudicated guilty of that offense.

8. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes. **The Sentencing Hearing is set for Thursday, September 10, 2020 at 10:00 A.M. before the Honorable K. Michael Moore, Chief United States District Judge, at the United States Courthouse, 101 South U.S. Highway One, Courtroom #4008, Fort Pierce, Florida 34950.**

**ACCORDINGLY**, this Court recommends to the District Court that the plea cannot be further delayed without serious harm to the interests of justice; that Defendant's plea of guilty to Count One of the Indictment be accepted; that the Defendant be adjudicated guilty of the offense to which he pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with Chief Judge Moore. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 22nd day of May, 2020.

*[signature: Shaniek Maynard]*
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE